Bradley J. Swingle, SBN 171535
Graham Scott SBN 236077
File No. 10430
**ARATA, SWINGLE, VAN EGMOND & HEITLINGER**
**A Professional Law Corporation**
1207 I Street
Post Office Box 3287
Modesto, California 95353
Telephone: (209) 522-2211
bswingle@svhlaw.com
graham@svhlaw.com

Attorneys for Defendants
 MANTECA POLICE DEPARTMENT; DEVIN BROOKS; and RAUL HERNANDEZ

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GENTRY,<br><br>              Plaintiff,<br><br>vs.<br><br>MANTECA POLICE DEPARTMENT, Manteca Police Officer D. BROOKS, Badge No. 3878; Manteca Police Officer HERNANDEZ; and DOES 1-50,<br>Defendants.<br><br>              Defendants.<br><br>_____/ | Case No.: 2:22−CV−00720−MCE−JDP<br><br>**JOINT STIPULATION TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER; ORDER**<br><br>**Demand for Jury Trial**<br><br>**United States District Judge Morrison C. England, Jr.** |

Comes now Plaintiff Brandon Gentry ("Plaintiff") and Defendants, Manteca Police Department, Ofc. Devin Brooks, and Ofc. Raul Hernandez (the "Defendants") who are collectively referred to herein as "Parties" to jointly stipulate to make request of the Court to modify its Initial Pretrial Scheduling Order (the "Order") as follows:

**WHEREAS** the Court issued its Initial Pretrial Scheduling Order on April 28, 2022 (the "Order");

1   **WHEREAS** the Parties exchanged their Rule 26 mandatory initial disclosures on or about
2   October 28, 2022;

3   **WHEREAS** Plaintiff served his initial written discovery on the Defendants on March 9, 2023
4   in the form of Requests for Production;

5   **WHEREAS** Defendants served their initial written discovery on Plaintiff on April 11, 2023 in
6   the form of Requests for Admission, Requests for Production, and Interrogatories;

7   **WHEREAS** the Parties agreed to a Stipulated Protective Order governing the production of
8   confidential and sensitive documents as between the Parties and the Court signed the Stipulated
9   Protective Order on June 13, 2013;

10   **WHEREAS** the Parties intended to take the depositions of the other Parties and other
11   percipient witnesses following completion of the initial round of written discovery;

12   **WHEREAS** the Parties intended to conduct a mediation of the action after completion of all
13   non-expert discovery including the depositions described above;

14   **WHEREAS** Defendants inadvertently did not produce to Plaintiff documents responsive to
15   Plaintiff's Requests for Production which are protected by the Stipulated Protective Order;

16   **WHEREAS** the Parties discovered on or about January 16, 2024 in discussing the Order's
17   Joint Trial Readiness statement that each side had further discovery they wished to complete,
18   including expert witness discovery as Plaintiff was not provided the documents protected by the
19   Stipulated Protective Order;

20   **WHEREAS** the Parties further discussed and agreed on a mediation of this action in lieu of a
21   Settlement Conference Statement, with the mediation to take place before Hon. Judge Alan Simpson
22   (Retired - Fresno County);

23   **WHEREAS** Defendants, as a public entity and as employees of a public entity, require all
24   proposed discovery to be completed to maximize their ability to successfully bring this matter to a
25   resolution at mediation;

26   **WHEREAS** the Parties are seeking this stipulation immediately after having met and
27   conferred on the request to the Court;

28

JOINT STIPULATION AND ORDER MODIFYING INITIAL SCHEDULING ORDER - 2

1 **WHEREAS** there have no prior stipulations extending the discovery or disclosure dates filed by the Parties;

**NOW THEREFORE** the Parties agree and stipulate by and through their attorneys of record as follows:

**1.** **As to Section III of the Order:** the Parties shall complete all non-expert discovery by **May 31, 2024** including any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the Local Rules.

**2.** **As to Section IV of the Order:** the Parties shall designate in writing, and serve upon all other Parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **thirty (30)** days after the close of non-expert discovery. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).

Within **fifteen (15)** days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party. The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) good cause for the party's failure to designate the expert witness; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Stipulation, an "expert" is any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705, which include both "percipient experts"

(persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and given their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the deadline for filing dispositive motions.

**3.     As to Section V of the Order:**  The Parties shall file dispositive motions no later than **thirty (30)** days after the close of non-expert discovery. All papers should be filed in conformity with the Local Rules. Absent leave of the Court, all issues the Parties wish to resolve on summary judgment must be raised together in one (1) motion or cross−motion. Should the Parties wish to file additional motions for summary judgment, they must seek leave of the Court.

All purely legal issues are to be resolved in timely pretrial motions. When appropriate, failure to comply with Local Rules 230 and 260, as modified herein, may be deemed consent to the motion and the Court may dispose of the motion summarily. With respect to motions for summary judgment, failure to comply with Local Rules 230 and 260, as modified by this Order, may result in dismissal for failure to prosecute (or failure to defend) pursuant to this Court's inherent authority to control its docket and or Federal Rule of Civil Procedure 41(b). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. Sur−replies are viewed with disfavor and will only be considered upon a showing of good cause. All requests for page limit increases must be made in writing with a proposed order setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

The Parties are directed to the Court's website for available hearing dates and Judge England's standard procedures. (www.caed.uscourts.gov − select "Judges" − select "Judge England" – select "Standard Information").

Citations to the Supreme Court Lexis database shall include parallel citations to the Westlaw database.

The Parties are reminded that a motion in limine is a pretrial procedural device designated to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

The Parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut−off date may constitute waiver of such issue.

The Court will submit, without oral argument, all pretrial civil motions upon filing. The opposition or statement of non−opposition, and reply due dates shall be filed in accordance with the original motion hearing date. If the Court determines that oral argument is needed it will be scheduled at a later date. Any party may request oral argument by filing a separate request that explains why oral argument would be helpful. Additionally, if requested by a non−moving party on a motion for summary judgment, oral argument will be granted. If the Court grants a request for oral argument or sua sponte decides to hear oral argument, the Court will issue an order setting forth the date and time of the oral argument.

**4.     As to Section VI of the Order:** The Parties are ordered to file a Joint Notice of Trial Readiness not later than **fifteen (15)** days after receiving this Court's ruling(s) on the last filed

1  dispositive motion(s). If the Parties do not intend to file dispositive motions, the Parties are ordered to
2  file a Joint Notice of Trial Readiness not later than **fifteen (15)** days after the close of the designation
3  of supplemental expert witnesses and the notice must include statements of intent to forgo the filing
4  of dispositive motions.

5  The Parties are to set forth in their Notice of Trial Readiness, the appropriateness of special
6  procedures, whether this case is related to any other case(s) on file in the Eastern District of
7  California, the prospect for settlement, their estimated trial length, any request for a jury, and their
8  availability for trial. The Parties' Notice of Trial Readiness Statement shall also estimate how many
9  court days each party will require to present its case, including opening statements and closing
10 arguments. The Parties' estimates shall include time necessary for jury selection, time necessary to
11 finalize jury instructions and instruct the jury.

12 This Court is in session for jury selection, opening statements, presentation of evidence,
13 closing arguments, and instruction of the jury Monday through Wednesday, only. Jury deliberations
14 only are Monday through Friday if necessary.

15 After review of the Parties' Joint Notice of Trial Readiness, the Court will issue an order that
16 sets forth dates for a final pretrial conference and trial. The Parties should be prepared to submit
17 discovery documents and trial exhibits electronically in PDF format.

18 **5.** **As to Section VII of the Order:** The Parties have agreed to retain Hon. Judge Alan
19 Simpson (ret.) to mediate this matter after close of expert discovery. This mediation is in lieu of a
20 settlement conference with a magistrate judge. Attached hereto as Exhibit 1 is a fully executed
21 Stipulation to Elect Referral of Action to Voluntary Dispute Resolution Program (VDRP) Pursuant to
22 Local Rule 271.

23 **6.** **As to Section IX of the Order:** No party shall submit paper courtesy copies of
24 pleadings or exhibits to the Court unless expressly ordered to do so.

25 **7.** **As to Section X of the Order:** This case does not involve E.R.I.S.A, Class-Actions, or
26 Administrative Appeals.

27 *Signature Page Follows*

28

**SO STIPULATED AND AGREED:**

Dated: January 18, 2024                BRYANT LAW GROUP, LLP


                                       By /s/ Paul L. Alaga (as authorized on January 18, 2024)
                                       PAUL L. ALGA
                                       KEVIN E. MITCHELL
                                       Attorneys for Plaintiff Brandon Gentry


Dated: January 18, 2024                SWINGLE, VAN EGMOND & HEITLINGER
                                       A Professional Law Corporation

                                       By /s/ Graham Scott
                                       BRADLEY J. SWINGLE
                                       GRAHAM SCOTT
                                       Attorneys for Defendants MANTECA POLICE
                                       DEPARTMENT, DEVIN BROOKS, and RAUL HERNANDEZ

**ORDER ON THE STIPULATION**

1. The April 27, 2022 Initial Pretrial Scheduling Order is hereby modified as described by the Stipulation stated above;

2. All other portions of the Order not modified as stated herein shall remain in effect.

IT IS SO ORDERED.

Dated: February 2, 2024

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE